UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN R. DISHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00155-RLY-DKL |
| | ) |
| MALAK HERMINA, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Steven Dishman, an inmate at the Plainfield Correctional Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 and Indiana state law alleging that defendant Dr. Malak Hermina was deliberately indifferent to his serious medical needs. Defendant Dr. Hermina moves for summary judgment. Mr. Dishman filed a response in opposition on March 1, 2016. For the reasons set forth below, the defendant's motion for summary judgment [dkt. 28] is **granted**.

**I. Factual Background**

The court finds the following facts to be undisputed.

At all times relevant to the allegations in the complaint, Mr. Dishman was incarcerated at the Plainfield Correctional Facility ("Plainfield"). From August of 2007 until April of 2012, Dr. Hermina worked as a physician at the Plainfield Correctional Facility employed by Corizon, Inc. During that time, he provided medical care to inmates in the in-patient unit at Plainfield.

From November 11, 2011, until January 2, 2012, Dr. Hermina provided medical care to Mr. Dishman in the in-patient unit at Plainfield. After April 27, 2012, Dr. Hermina was no longer employed by Corizon at Plainfield and no longer provided any medical treatment to the inmates at

Plainfield, or to any inmate confined at any facility within the Indiana Department of Correction ("IDOC"). [dkt. 30-5].

Mr. Dishman filed a proposed complaint with the Indiana Department of Insurance ("IDOI") on June 13, 2014, alleging he received negligent medical care from the defendant. [dkt. 30-2]. On October 20, 2014, Mr. Dishman's proposed complaint was dismissed by the Marion County, Indiana, Superior Court because it was filed beyond the two-year statute of limitations set forth in the Indiana Medical Malpractice Act. [dkt. 30-4].

Mr. Dishman filed his civil rights complaint in this court on February 4, 2015.

## II. Legal Analysis

### A. Standard of Review

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.,* 641 F.3d 253, 256 (7th Cir. 2011). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.,* 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the

summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

Mr. Dishman does not include a statement of material facts in dispute. Instead, he includes a section titled "statement of material facts in dispute," and his facts are verbatim to the facts presented in the defendant's statement of material facts not in dispute. [dkts. 37, at pp. 2-3; 29, at pp. 2-3, respectively]. Because Mr. Dishman has filed to present any evidence to dispute the facts as set forth by Dr. Hermina, the court must accept as true all the facts as set forth by Dr. Hermina in his motion for summary judgment. Local Rule 56-1(f)(1)(A).

**B. Discussion**

In his complaint, Mr. Dishman asserts a federal civil rights action under 42 U.S.C. § 1983 and a state law claim for medical malpractice. He alleges that Dr. Hermina was deliberately indifferent to his serious hip injury and failed to provide treatment for this injury for over thirteen (13) hours. Mr. Dishman does not specify in the complaint when he was injured. However, Dr. Hermina was no longer employed by Corizon at Plainfield after April 27, 2012. Any medical care Dr. Hermina provided to Mr. Dishman necessarily occurred prior to April 27, 2012. Mr. Dishman did not file his complaint with the IDOI until June 13, 2014, or this action until February 4, 2015.

### 1. 1983 Claim[1]

For statute of limitations purposes, Section 1983 claims are considered personal injury claims, and so the two-year limitations period for personal injury suits under Indiana law applies. See Ind. Code § 34–11–2–4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although state law governs when the claim must be brought, federal

---

[1] Mr. Dishman argues the statute of limitations is tolled because the defendant fraudulently prevent him from exhausting his administrative remedies pursuant to 42 U.S.C. § 1997. However, Dr. Hermina abandoned this affirmative defense. [dkt. 33]. As such, this issue is not relevant to the defendant's instant motion.

law governs when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff has a "complete and present cause of action ... that is, when the plaintiff can file suit and obtain relief." *Id*.

Mr. Dishman filed his complaint against Dr. Hermina on February 4, 2015. Here, the record shows that Dr. Hermina was not involved in Mr. Dishman's medical care after April 27, 2012, when Dr. Hermina left the employment of Corizon.

Mr. Dishman concedes that his claim accrued in January of 2012, when Dr. Hermina last provided medical treatment to him. He contends, however, that the time was tolled because he suffers from a developmental disability. Federal courts employ tolling statutes in § 1983 actions. *See Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980). Indiana Code § 34–11–6–1 provides that: "A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." The Indiana Constitution requires the judiciary to toll time limits for incapacitated persons. Ind. Const. Art. 1, § 12; *Herron v. Anigbo*, 897 N.E.2d 444, 451, 453 (Ind. 2008).

However, Mr. Dishman has not alleged that he was incapacitated such that he was prevented him from timely filing this action. Rather, he claims, without more, that he has a developmental disability. He makes no plausible allegations from which the court can conclude that he suffered from a disability that would have prevented him from filing this action within the limitations period. He was not hospitalized or otherwise incapacitated. [dkt. 38]. Even to the extent Mr. Dishman's cause of action was tolled until he was released from the infirmary, he was released on January 2, 2012, and did not file this action until February 4, 2015, approximately thirteen months beyond the statute of limitations.

Accordingly, the statute of limitations is not tolled and the § 1983 claim against Dr. Hermina is not timely. The defendant's motion for summary judgment [dkt. 28] is **granted** on the Eighth Amendment claim.

### 2. State Law Claim

The disposition of the Eighth Amendment claim leaves for resolution the pendent Indiana state law claim for medical malpractice. This court's jurisdiction over his pendent state law claims is conferred by 28 U.S.C. § 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, here the Eighth Amendment claim, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). The court will resolve the pendent state law claim in this Entry.

On June 13, 2014, Mr. Dishman filed a proposed complaint with the IDOI alleging medical malpractice relating to the care he received from Dr. Hermina in 2011 and 2012. [dkt. 30-2]. On October 20, 2014, the Marion County Superior Court dismissed Mr. Dishman's proposed complaint with the IDOI with prejudice after it determined the complaint was not timely filed. [dkt. 30-4]. Mr. Dishman now seeks to add a medical malpractice claim to his § 1983 civil rights action. [dkt. 1].

The defendant argues that the state law claim is barred by issue preclusion (a branch of res judicata) in light of the dismissal with prejudice of Mr. Dishman's medical malpractice claim by the state court. It is well settled that a state court judgment is entitled to the same preclusive effect in a federal court as it would have in the state court rendering it. 28 U.S.C. § 1738; *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519, 106 S.Ct. 768, 769–70 (1986). Under 28 U.S.C. § 1738, this court must look to the law of Indiana to determine the preclusive effect of the Indiana

state court judgment. *Arlin–Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011). The Indiana Court of Appeals has stated, "[t]he doctrine of res judicata acts to prevent repetitious litigation of disputes that are essentially the same." *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013). The following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Microvote General Corp. v. Indiana Election Com'n.*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

With regard to Mr. Dishman's claims against Dr. Hermina, all of these requirements are met. There is no question that the judgment below was rendered by a court of competent jurisdiction, and "a dismissal with prejudice constitutes a dismissal on the merits." *Fox v. Nichter Const. Co.*, Inc., 978 N.E.2d 1171, 1181 (Ind. Ct. App. 2012). [dkt. 30-4]. Further, the subject of the medical malpractice claim in this court, Dr. Hermina's allegedly negligent treatment of Mr. Dishman in 2011 and 2012, is the same as the claim that was before the IDOI, and dismissed by the state court. [dkt. 30-2]. Finally, the parties, Mr. Dishman and Dr. Hermina, are the same. [dkt. 30-2]. So Mr. Dishman's state law claim against Dr. Hermina is barred by res judicata, and Dr. Hermina is granted summary judgment on that basis. The defendant's motion for summary judgment [dkt. 28] is **granted** for the state law claim.

Judgment shall now enter.

**IT IS SO ORDERED**.

Date:  8/02/2016

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Steven Dishman
#168253
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana 46168